```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

In the Matter of:                   *

 JAMES MICHAEL STEWART,             *    Case No. 07-10940 PM
                                              (Chapter 7)
          Debtor                    *
  *       *       *       *         *

STEVEN GREENFELD, CH. 7 TRUSTEE     *

          Appellant                 *
                                         Adv. Proc. No. 09-00051-PM
          vs.                       *    CIVIL ACTION No. MJG-09-2199

MICHAEL O' CONNOR, et al.           *

          Appellees                 *
  *       *       *       *         *    *       *       *       *
```

FINAL DECISION ON APPEAL

The Court has before it Appellant's Appeal from the Bankruptcy Court's Order Dismissing [the] Amended Complaint [Document 1-19]. The Court has held a hearing and has had the benefit of the arguments of counsel.

I.  INTRODUCTION

As discussed herein, the Bankruptcy Court dismissed an adversary proceeding complaint in which a plaintiff (a bankruptcy trustee acting on behalf of a creditor of the bankruptcy case debtor) sought to reach property alleged to have been fraudulently transferred by the bankruptcy case debtor.

Although the matter is somewhat procedurally complex, the substantive issue presented can be stated simply:

> Was the property transfer at issue a transfer of property owned by the debtor alone or of property owned by the debtor and his wife as tenants by the entireties?

II. <u>LEGAL PRINCIPLES</u>

A. <u>Appeals from Bankruptcy Court</u>

The Court has jurisdiction over appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158. While the Bankruptcy Court's factual findings are reviewed for clear error, legal conclusions are considered <u>de novo</u>. <u>In re Duncan</u>, 448 F.3d 725, 728 (4th Cir. 2006). Because the Bankruptcy Court dismissed the Trustee's Amended Complaint pursuant to Rule 12(b)(6) of the Rules of Federal Procedure (made applicable by Bankruptcy Rule 7012), the Court will focus on the legal sufficiency of the Amended Complaint.

B. <u>Dismissal</u>

To survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1959 (2007) (internal citations omitted).

When evaluating a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555. A complaint must allege sufficient facts to "cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(quoting Twombly).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Francis, 588 F.3d at 193. Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (quoting Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1950 (2009))(internal citations omitted).

III. DISCUSSION

The pertinent facts[1] can be stated rather concisely:

Operative Facts

- 1998 - Michael O' Connor ("Husband") and Karen O'Connor ("Wife") purchase an Ocean City, Maryland condominium ("Subject Property").

- 2000 - James Stewart ("Husband's Creditor") obtains a judgment (some $450,000) against Husband.

- 2003 – Husband and Wife separate and enter into a property settlement agreement (the "PSA") providing:

    o Family Home (located in Virginia) – Simultaneously with the signing of the PSA, Husband will transfer his interest to Wife. Wife will remove Husband as co-obligor on two deeds of trust.

    o Subject Property (located in Maryland) – Within six months, Husband will remove Wife as co-obligor on deeds of trust. Wife shall transfer her interest to Husband.

- 2004 - Wife gives Husband a Power of Attorney to transfer her interest in the Subject Property and Husband transfers the Subject Property to his sister and brother-in-law (the "Relatives").

- 2005 – Husband and Wife divorce.

Procedural Matters

- 2005-06 - Husband files Chapter 7 bankruptcy (2005) and obtains debt discharge (2006).

---

[1] Set forth in greater detail in Appendix A.

- 2007 – Husband's Creditor files Chapter 7 bankruptcy and a Chapter 7 trustee (the "Plaintiff Trustee") is appointed.
- 2009 – Plaintiff Trustee files an adversary proceeding in Husband's Creditor's bankruptcy case suing Husband and the Relatives; suit dismissed by Bankruptcy Judge.

A. Standing

Husband and the Relatives (collectively, "Appellees") assert, at the threshold, that Plaintiff Trustee lacks standing because the fraudulent conveyance claim belongs to Husband's bankruptcy trustee, and there has been no allegation that the Husband's bankruptcy trustee abandoned any claim in regard to the Subject Property. (Hr'g Tr. 16:12-17:15, May 12, 2010.)

Appellees note that the Fourth Circuit has held that "before . . . [a] creditor may pursue a claim [belonging to a bankruptcy trustee], there must be a judicial determination that the trustee in bankruptcy has abandoned the claim." Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 136 (4th Cir. 1988). However, it is arguable that the Husband's Creditor, and thus the Plaintiff Trustee in his shoes, may have standing to pursue Husband's interest in the Subject Property by means of a "creditor's bill." Cf. Watson v. Watson, 304 Md. 48, 66, 497 A.2d 794, 803 (Md. 1985) (stating that "in a vendor-purchaser-creditor contest" the "fairest procedure" would have been to "bring all parties before the court with a creditor's bill.").

The Court need not resolve the standing issue by virtue of

5

its decision on the merits, set forth herein. Accordingly, the Court will assume that the Plaintiff Trustee has standing to pursue Husband's interest in the Subject Property.

B. <u>The Substantive Merits</u>

Of course, a creditor of one spouse cannot attack as a fraudulent conveyance a husband and wife's conveyance of tenancy by the entireties property. See <u>Cruickshank-Wallace v. County Banking and Trust Co.</u>, 165 Md. App. 300, 312, 885 A.2d 403, 410 (2005).[2] However, Plaintiff Trustee asserts that there was no tenancy by the entireties transfer of the Subject Property to the Relatives but, rather, at the time of the transfer, Husband was the sole owner.

The Plaintiff Trustee relies upon the following allegations in the Amended Complaint:

> 12. As a matter of fact and applicable Maryland law the said [PSA] gave [Husband] in his individual capacity (and not as tenants by the entireties), a property interest in the [Subject Property], and that property interest became subject to . . . the claim of [the Husband's Creditor]. . . .

---

[2] The PSA states that Virginia law governs the construction and interpretation of the agreement. (PSA [Document 1-2], ¶ 24.) The Subject Property is located in Maryland, but the parties agree that the same result is reached under either Virginia or Maryland law. (Hr'g Tr. 23:25-24:1-7, May 12, 2010.) The Court will assume, for purposes of this appeal, that Maryland property law governs the property issues because the Subject Property is located in Maryland.

6

13. On January 8, 2004, and pursuant to [the PSA], [Husband] . . . conveyed to [Wife] the [marital residence] by Deed of Gift dated December 2, 3003 . . . .

14. On October 5, 2004, [Wife] executed a SPECIFIC POWER OF ATTORNEY appointing [Husband] as her attorney in fact . . . .

15. On October 8, 2004, [Husband] and [Wife](then acting by her purported attorney, [Husband]) signed documents purportedly conveying the [Subject Property] to [the Relatives].

(Am. Compl. [Document 1-1], ¶¶ 12-15.)

The Amended Complaint refers to the PSA, which provides, in pertinent part:

> The parties jointly own the marital residence located . . . [in] Virginia, and further own [the Subject Property] . . . .
> . . . .
> The Husband agrees to execute a General Warranty Deed transferring all of his right, title and interest in and to the marital residence to the Wife. The Husband agrees to execute this Deed simultaneously with the signing of this Agreement.
> . . . .
> After the Husband moves from the marital residence . . . he shall timely pay, and keep current, the [third deed of trust] for which he has assumed responsibility hereunder . . . . Upon the execution of this Agreement, the Wife agrees to complete the process so as to refinance the first, second and fourth [deeds of] trust[] or take whatever action is necessary so as to completely remove the Husband's name as a co-obligor on the first and second Deeds of Trust[.]
> . . . .
> With respect to the [Subject Property], the parties agree as follows: The Husband

7

>           agrees that he will take whatever action is
>           necessary to completely remove the Wife's
>           name as a co-obligor on the Deeds of Trust
>           owing to Southern Financial Bank in
>           connection with the [Subject Property]
>           within two months of the execution of this
>           Agreement and, if not possible, then he
>           shall do so within 6 months. The Wife agrees
>           to execute a General Warranty Deed
>           transferring all of her right, title and
>           interest in and to the [Subject Property] to
>           her Husband.

(PSA [Document 1-2] at pp. 4-6.)

The Plaintiff Trustee contends that the tenancy by the entireties was severed when the PSA was executed, when the marital residence was conveyed to Wife, or when Wife signed the power of attorney authorizing Husband to transfer the Subject Property to the Relatives. (Hr'g Tr. at 34:3-21.) The Court agrees with none of these positions.

The Court does not find plausible any contention that Husband's obligation to remove Wife as a co-obligor on the Subject Property debt was either a satisfied condition precedent or immaterial to Wife's obligation to transfer her interest in the Subject Property to Husband.

The Amended Complaint does not contain an allegation, even in conclusory terms, that Husband took the steps necessary to remove Wife as a co-obligor on the pertinent deeds of trust. Moreover, the very fact – as alleged in the Amended Complaint – that Wife provided a Power of Attorney that was utilized by

8

Husband to effect the Subject Property's transfer contradicts the contention that Husband was the sole owner and sole transferor of the Subject Property.

Likewise, the Amended Complaint contains no allegations that would plausibly support a contention that Wife agreed to be required to transfer her interest in the Subject Property before she was released as a co-obligor on the deeds of trust.  An obligation to transfer one's interest and remain a co-obligor on deeds of trust, if found in an agreement, should be expressly stated or be inferable from clear indications.

The PSA refers to the transfer of the family residence and the Subject Property differently.  As to the family residence, the PSA provides that "[t]he Husband agrees to execute this Deed [conveying Husband's interest in the marital residence] <u>simultaneously with the signing of this Agreement</u>." (PSA, ¶5, p. 5)(emphasis added).  As to the Subject Property, the PSA provides that Husband shall, within six months, remove Wife as a co-obligor and then, without reference to timing, states that "Wife agrees to execute a General Warranty Deed transferring all of her right, title and interest in [the Subject Property] to her Husband."  (<u>Id.</u> at ¶5, p. 6.)

Thus, the Court finds it implausible that Wife agreed to convey her interest in the Subject Property while remaining liable for its debts.

The Plaintiff Trustee also contends that Husband has retained an interest in the Subject Property pursuant to an oral repurchase agreement with the Relatives.[3] However, any such oral agreement would be unenforceable by virtue of the statute of frauds. See MD CODE, REAL PROPERTY, § 5-104 (2010).

Finally, the Court notes that its conclusions herein are supported by such decisions as Bruce v. Dyer, 309 Md. 421, 423, 524 A.2d 777, 783 (Md. 1987) (concluding that although the husband and wife entered into a property settlement agreement wherein they agreed to sell the tenancy by the entireties property and split the proceeds, the agreement itself did not sever the tenancy by the entireties because "in no respect d[id] the agreement provide for a present conveyance, transfer or assignment of interest in realty as between the spouses") and Jonas v. Logan, 478 So. 2d 410, 411 (Fla. App. 3d Dist. 1985) (concluding that a property settlement agreement which stated that the husband "agrees to . . . execute a Quit-Claim Deed to Wife . . . within fourteen days" from the execution of the agreement did not sever the tenancy by the entireties because "the parties merely agreed that [the husband] would convey the

---

[3] At the May 12 hearing, Appellees characterized the alleged right as an oral right of repurchase. (See Hr'g Tr. 3:11-15.) The Plaintiff Trustee did not dispute this characterization and the Amended Complaint does not allege that the purported right was memorialized in writing. (See Am. Compl. [Document 1-1], ¶¶ 24-25.)

10

property . . . at a later date. They did not agree to change the status of the property prior to the conveyance.").

IV. CONCLUSION

For the foregoing reasons:

1.   The Court shall AFFIRM the Bankruptcy Court's Order Dismissing [the] Amended Complaint.

2.   Judgment shall be entered by separate Order.


SO DECIDED, this <u>Tuesday, June 29, 2010</u>.


_____/s/_____<br>Marvin J. Garbis<br>United States District Judge

APPENDIX A

<u>1998</u>: Mr. Michael O'Connor ("Mr. O'Connor") and Mrs. Karen O'Connor ("Mrs. O'Connor") purchase a condominium in Ocean City, Maryland (the "Subject Property") as Tenants by the Entireties.

<u>2000</u>: James M. Stewart ("Stewart") obtains an approximate $450,000 judgment solely against Mr. O'Connor.

<u>9/2003</u>: Mr. O'Connor and Mrs. O'Connor enter into a Property Settlement Agreement ("PSA"), which Mrs. O'Connor acknowledges in October of 2003.

  Per the terms of the PSA:
- Mr. O'Connor agrees to take whatever steps are necessary to remove Mrs. O'Connor from the Subject Property mortgage debts.
- Mrs. O'Connor agrees to transfer her interest in the Subject Property to Mr. O'Connor.

<u>10/2004</u>: Mrs. O'Connor gives Mr. O'Connor power of attorney to convey the Subject Property to the Bowers (Mr. O'Connor's sister and brother-in-law).

<u>10/2004</u>: Mr. O'Connor and Mrs. O'Connor – through Mr. O'Connor acting under power of attorney – convey the Subject Property to the Bowers in an alleged non arms-length transaction.

<u>2005</u>: The O'Connors obtain a divorce.

<u>10/2005</u>: Mr. O'Connor files for bankruptcy protection.

<u>2006</u>: Mr. O'Connor receives a discharge from bankruptcy.

<u>2007</u>: Stewart files for Chapter 7 bankruptcy.

<u>1/2009</u>: Greenfeld, as Stewart's Chapter 7 trustee, files an adversary proceeding against Mr. O'Connor and the Bowers.

<u>4/2009</u>:  Greenfeld files an Amended Complaint with the Bankruptcy Court alleging:

- o <u>Count I</u>:  Fraudulent conveyance based on the transfer of the Subject Property from the O'Connors to the Bowers.

- o <u>Count II</u>:  Creditor's bill "seek[ing] appointment of a trustee or receiver to sell the [Subject P]roperty and pay the judgment." (Am. Compl. [Document 1-1] at ¶ 32.)

<u>7/2009</u>:  Bankruptcy Judge dismisses the Amended Complaint upon finding:

- o The PSA did not extinguish the tenancy by the entireties.

- o Mr. O'Connor and Mrs. O'Connor transferred the Subject Property to the Bowers as tenants by the entirety.

- o A creditor of one spouse cannot reach tenancy the entirety property and, therefore, Stewart's trustee cannot attack the conveyance from the O'Connors to the Bowers.

<u>8/2009</u>:  Greenfeld (Stewart's trustee) appeals the Bankruptcy Judge's Order of dismissal.  The Bowers and Mr. O'Connor are Appellees.